**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIRSCH, | : |
| | : Civil Action No. 07-186 (SRC)(MAS) |
| Plaintiff, | : |
| v. | : |
| | : |
| DELTA DENTAL OF NEW JERSEY, INC., | : **OPINION** |
| | : |
| Defendant. | : |

**Shipp, United States Magistrate Judge**

## I. INTRODUCTION

Michael D. Kirsch, D.D.S. is the representative plaintiff ("Plaintiff") in the putative class action filed against Delta Dental of New Jersey ("Defendant"). Defendant operates, insures, funds, manages and/or administers various dental plans. This opinion will address: (1) Plaintiff's application to compel Defendant to produce contract claim sub-class discovery for specialities other than Dr. Kirsch's; (2) Defendant's application to file an amended Answer adding a further counterclaim against Plaintiff Michael Kirsch; and (3) Defendant's application to compel the Plaintiff to identify each instance of alleged wrongful conduct and the specific claims procedures which form the basis for his complaint.

## II. FACTUAL BACKGROUND

On November 16, 2006, Plaintiff filed a putative class action in the Superior Court of New Jersey, Law Division, Essex County. Delta Dental removed the action to this Court on

January 12, 2007 and filed its Answer and Counterclaims on February 5, 2007. Plaintiff alleges that Delta Dental has engaged in improper claims handling practices, including claims "bundling,"[1] claims "downcoding"[2] and failure to cover certain "ancillary services"[3]. Delta Dental denied the allegations in the Complaint and asserted two counterclaims which alleged that Plaintiff engaged in improper billing and claims submission procedures. The parties agreed to bifurcate discovery. The parties agreed to first conduct class certification discovery, followed by Plaintiff's motion to certify a class, followed by merits discovery.

This matter comes before the Court on informal applications in letters submitted on behalf of the parties from August through November 2007. The letters include: (1) Plaintiff's August 27, 2007 correspondence with Exhibits A through E requesting the Court to compel Defendant to produce contract claim sub-class discovery for specialties other than Dr. Kirsch's and requesting the Court to enjoin Delta Dental from auditing Dr. Kirsch's practice and/or taking any action to punish or terminate Plaintiff from its provider network; (2) Defendant's August 27, 2007 correspondence with Exhibits A through E requesting the Court to order Plaintiff to identify each instance of alleged wrongful conduct and the specific claims procedures which form the basis for his complaint, and to produce his billing and treatment records; (3) Plaintiff's

---

[1] "[R]efusal to provide compensation for a particular dental procedure by improperly contending that this procedure is routinely included in another procedure performed on the same date of service." (Description provided in Plaintiff's letter dated August 27, 2007.)

[2] "[U]nilateral and retroactive reduction of the amount of compensation paid for the dental services provided by charging the procedure code to a procedure of lesser complexity." (Description provided in Plaintiff's letter dated August 27, 2007.)

[3] [R]efusal to recognize and pay the appropriate compensation in cases where additional dental services are required." (Description provided in Plaintiff's letter dated August 27, 2007.)

September 7, 2007 correspondence with Exhibit A opposing Defendant's August 27, 2007 request for discovery; (4) Defendant's September 7, 2007 correspondence with Exhibits A and B requesting the Court to enter a <u>Lone Pine</u>-style order requiring Plaintiff to identify what claims were handled improperly and limit discovery accordingly and opposing Plaintiff's request for injunctive relief; (5) Defendant's October 3, 2007 correspondence requesting permission to file an amended Answer adding a further counterclaim against Plaintiff; (6) Plaintiff's October 8, 2007 correspondence opposing Defendant's request to file an amended Answer adding a further counterclaim; (7) Defendant's October 16, 2007 correspondence in further support of Defendant's application to file an amended Answer adding a further counterclaim; (8) Plaintiff's October 17, 2007 correspondence in further opposition to Defendant's application to file an amended Answer adding a further counterclaim; and (9) Defendant's correspondence dated November 9, 2007 in response to Plaintiff's letter dated October 17, 2007 and in further support of Defendant's application to file an amended Answer adding a further counterclaim.

The Court held oral argument in this matter on December 11, 2007. During oral argument, counsel for Plaintiff informed the Court that he did not seek an injunction in this matter. Therefore, this Opinion will address: (1) Plaintiff's application to compel Defendant to produce contract claim sub-class discovery for specialities other than Dr. Kirsch's; (2) Defendant's request to file an amended Answer asserting an additional counterclaim against the Plaintiff; and (3) Defendant's application to compel the Plaintiff to identify each instance of alleged wrongful conduct and the specific claims procedures which form the basis for his complaint.

3

## III. DISCUSSION

A.  **Plaintiff's application to compel Defendant to produce contract claim sub-class discovery for specialities other than Dr. Kirsch's.**

Federal Rule of Civil Procedure 26 defines the methods, scope, limits and process of discovery. Section (b) of that rule establishes the limits of discovery. It provides that parties may obtain discovery regarding any party's claim or defense. Rule 26(b) also provides that for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. As this court has recognized, "Courts have construed this rule liberally, creating a broad vista of discovery." Tele-Radio Systems Ltd. v. DeForest Electronics, Inc., 92 F.R.D. 371 (D.N.J. 1981)(citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978)). In interpreting Rule 26(b)(1), district courts must be mindful that relevance is a broader inquiry at the discovery stage than at the trial stage. Nestle Food Corp. v. Aetna Cas. and Surety Co., 135 F.R.D. 101 (D.N.J. 1990). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

While broad, discovery is not boundless. Rule 26(b)(2) vests the District Court with the authority to limit a party's pursuit of otherwise discoverable information. The Third Circuit recognized this power stating that, "[a]lthough the scope of discovery under the Federal Rules is broad, this right is not unlimited and may be circumscribed." Bayer AG v. Betachem, Inc., 173 F.3d 188 (3d Cir. 1999). Specifically, the rules provide that the frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if the burden or the expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the action and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(c)

> Following class discovery, Plaintiff will seek to certify:
>
> The 'Prompt Pay Class,' which includes Dr. Kirsch and all dental providers and dental groups, regardless of speciality or network status, licensed in any one or more of the 50 states of the United States, who provided dental services during the class period; and . . . [t]he 'Contract Claim Sub-Class,' which includes Dr. Kirsch and all dental providers and dental groups, regardless of specialty, licensed to practice dentistry in the State of New Jersey, who executed a provider agreement with Delta Dental and provided dental services during the class period.

Plaintiff asserts that it is entitled to certify the largest class possible and that its request for discovery as to all specialties cannot be labeled a "fishing expedition" when the fundamental and typical characteristics of all putative class members is that their claims are improperly processed by the use of the same claims processing computer software and logic.

Defendant states that it has processed over two million claims per year which are submitted pursuant to 600 different procedure codes and submitted by tens of thousands of dental service providers. Defendant further asserts that to analyze all of the information requested by Plaintiff, it would need to commit hundreds of man hours and to incur tens of thousands of dollars in legal fees. In addition, Defendant notes in a footnote that Plaintiff served its discovery requests towards the culmination of a multi-year effort by Delta Dental to convert its claims processing databases to a new enterprise software system.[4] Defendant requests that the Court adopt a "Lone-Pine-style order." (Defendant's September 7, 2007 letter.) According to Defendant, a "Lone Pine" case management order requires a Plaintiff to particularize and provide

---

[4]However, Defendant's counsel clarified during oral argument that his position regarding this discovery issue would be the same, regardless of Delta Dental's conversion to a new enterprise software system.

details of the claim before permitting extensive discovery of defendant. The Defendant noted that Lone-Pine case management orders are typically entered in environmental cases in which it is unclear from the complaint how each of numerous defendants is linked to the site at issue.

The Court is not inclined to enter a Lone-Pine-style case management order in this matter. The Court reviewed Acuna v. Brown & Root, Inc., the case cited by Defendant in support of the entry of a Lone-Pine-style case management order. 200 F.3d 335 (5th Cir. 2000). The Acuna facts (based on two cases treated as related by the district court) included approximately one thousand six hundred plaintiffs suing over one hundred defendants based on a range of injuries that occurred over a forty-year span. Id. The Appeals Court in Acuna noted that neither the defendants nor the Court was on notice from the pleadings of the Plaintiff as to which facilities were alleged to have caused injury or how many instances of which diseases were claimed as injuries. The Court stated, "[i]t was within the court's discretion to take steps to manage the complex and potentially very burdensome discovery that the cases would require." Id. (citations omitted).

The case currently before the Court is markedly different from Acuna. The present case involves one defendant which, as alleged by Plaintiff, "uses its uniform claims processing logic to adjust all of the claims submitted by class members, regardless of their specialty." (Plaintiff's letter dated September 7, 2007, emphasis added by Plaintiff.) At this stage of the proceedings, the Court does not need to decide whether the requirements of Rule 23 have been met. That decision is to be made by the District Court Judge when he rules on Plaintiff's motion for class certification. The Court finds that discovery relating to specialities other than Dr. Kirsch's is reasonably calculated to lead to the discovery of admissible evidence.

The court has the authority to limit discovery under 26(b)(2)(c)(iii), which provides that the court must limit the frequency or extent of discovery otherwise allowed by the rules if it determines "that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues." However, the Defendant did not convince the Court pursuant to the Rule 26(b)(2)(c)(iii) factors that the burden or expense of the proposed discovery outweighs its likely benefit. Therefore, the Court finds that, under the broad rules of discovery, Defendant must produce contract claim sub-class discovery for classes other than Plaintiff's.

The Court will allow the contract sub-class discovery requested by Plaintiff since the Defendant did not demonstrate that the burden of the potential discovery outweighed its likely benefit. However, the Plaintiff's submissions in this case did not convince the Court that the Defendant should be forced to shoulder the cost of the expansive discovery sought by the Plaintiff. Therefore, the Court will apportion the discovery-related costs as follows:

a. Defendant will bear the cost of producing discovery related to Plaintiff's specialties; and

b. Plaintiff will bear the cost of producing discovery related to specialties other than Plaintiff's.

**B. Defendant's application to file an amended Answer adding a further counterclaim against Plaintiff Michael Kirsch.**

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading is served, a party may amend the party's pleading by leave of court and that leave shall be freely given when justice so requires. The Federal Rules set forth a liberal standard for

7

amending pleadings. "A general presumption exists in favor of allowing a party to amend its pleadings." Del Sontro v. Cendant Corp, Inc., 223 F. Supp. 2d 563 (D.N.J. 2002)(citing Boileau v. Bethlehem Steel Corp., 730 F.2d 929 (3d Cir.), cert. denied, 469 U.S. 871 (1984)). Leave to amend may be denied, however, if the Court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of amendment. Foman v. Davis, 371 U.S. 178 (1962); Alvin v. Suzuki, 227 F.3d 107 (3d Cir. 2000).

The Court employs the Rule 12(b)(6) motion standard to determine whether or not a proposed amendment is futile. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)(citations omitted). In examining the sufficiency of a litigant's pleading under Rule 12(b)(6), courts consider the proposed pleading and view the allegations set forth therein as true and in the light most favorable to the party asserting them. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004)(citations omitted).

Defendant sought leave to file an amended answer adding a further counterclaim against Plaintiff Michael Kirsch based on Plaintiff's alleged refusal to allow claim verification requested by Delta Dental. Defendant asserted that it received an anonymous letter in 2005 which accused the Plaintiff of unethical and billing improprieties. Based on the letter, Defendant opened an investigation into Plaintiff's billing practices. In November 2005, Plaintiff received a letter from a Delta Dental coordinator which requested office records and financial ledgers on several patients. Plaintiff sent Delta Dental the requested charts. On June 4, 2007, Delta Dental requested permission to perform an audit of Dr. Kirsch's practice and Plaintiff refused to allow the in-person audit. Defendant's requested additional counterclaim is based on Plaintiff's alleged

refusal to comply with the claims verification process. Here, Plaintiff opposes the proposed amendment on the grounds of bad faith and futility of the amendment.

The Court rejects the Plaintiff's arguments and finds that Defendant should be permitted to amend its pleading to add a further counterclaim against Plaintiff Michael Kirsch. Exhibit A to Defendant's October 16, 2007 letter included a copy of Delta Dental Plan's Participation Agreement and a copy of the Participating Dentist Rules and Regulations. Number one of the Participating Dentist Rules and Regulations provides:

> Participating Dentist shall make such records available to the Corporation or its designee for review and/or copying during normal business hours upon request. Participating Dentist shall comply with all applicable laws and regulations regarding the privacy and confidentiality of all records maintained pursuant to the Participation Agreement and/or the Rules and Regulations.

Plaintiff's Certification attached as Exhibit A to counsel's September 7, 2007 letter reflected that in November 2005, Plaintiff received a letter from a Delta Dental coordinator which requested office records and financial ledgers on several patients. Plaintiff sent Delta Dental the requested charts. Furthermore, Exhibit A to Defendant's August 27, 2007 letter contains a copy of a November 15, 2002 letter sent by Delta Dental to Plaintiff and Doctor Jacobs, Plaintiff's former partner. The letter reflects that Delta Dental performed a review of non-insured patient ledgers and the patient records as part of a Claim Verification procedure. Plaintiff's Certification attached stated that Plaintiff "invited Delta to come to our practice to audit our records." The Certification also provided that Plaintiff treated none of the patients identified in the November 15, 2002 letter. Regardless of the assertion that none of the patients identified in the November 15, 2002 letter were treated by Plaintiff, the submissions reflect that the dentist's office went through a review process in the past. Therefore, the Court finds that the

proposed counterclaim is not futile.

At this stage of the proceedings, the Court does not need to decide whether the counterclaim asserted in Defendant's Amended Complaint will affect Plaintiff's ability to serve as class representative. That decision is to be made by the District Court judge. It is this Court's decision that under the liberal standard for amending pleadings, Defendant can amend its answer to contain the breach of contract counterclaim based on Plaintiff's alleged refusal to comply with the claims verification process.

C.  **Defendant's application to compel Plaintiff to identify each instance of alleged wrongful conduct and the specific claims procedures which form the basis for his complaint.**

"A class action may be certified only if the court is 'satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Beck v. Maximus, Inc., 457 F.3d 291, 297 (3d Cir. 2006), quoting Gen. Tel. Co. SW v. Falcon, 457 U.S. 147, 161 (1982). "As the Third Circuit has explained, the Court must examine whether 'the named Plaintiff's individual circumstances are markedly different . . . or the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based." Zinberg v. Washington Bankcorp, Inc., 138 F.R.D. 397, 407 (D.N.J. 1990), quoting Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985). "A key question in class certification may be the similarity or dissimilarity between the claims of the representative parties and those of the class members." Newberg on Class Actions, § 7.8.

Defendant argues that for Dr. Kirsch to represent all dentists in this action, he must demonstrate that his claims are typical of those of the putative class. (Defendant's letter dated August 27, 2007.) Defendant asserts that if Dr. Kirsch does not articulate exactly what his claims

are, there is no way to determine whether they are typical. Defendant noted that Dr. Kirsch provided a few examples in responding to interrogatories but "refused to provide exhaustive responses." Defendant further stated that Plaintiff failed to provide his "exact problems" with Delta Dental's claims handling practices. (Defendant's September 7, 2007 letter.) Therefore, Defendant requests that the Court order Plaintiff to identify each instance of alleged wrongful conduct and the specific claims procedures which form the basis for his complaint and limit the Plaintiff's discovery accordingly.

Plaintiff responded that existing case precedent does not require the class representative to identify every single instance of Defendant's wrongful conduct during the discovery stage. (Plaintiff's September 7, 2007 letter.) Plaintiff asserted that with only the "scant discovery" produced by Defendant to date, there are numerous common issues, including: failure to pay claims within the contract and statutory prompt payment time limits; failure to pay interest in accordance with New Jersey prompt pay laws; common automated "bundling" practices; common automated "downcoding" practices; and common rejection of or failure to pay for "ancillary services." (Plaintiff's September 7, 2007 letter.)

In the present case, Defendant is entitled to conduct discovery regarding the claims of the representative party. However, as part of the class certification stage of discovery, the Court will not require Plaintiff to disclose "each alleged instance" of Defendant's asserted wrongful conduct. The parties in this matter agreed to bifurcate class discovery and merits discovery. Both counsel asserted the same in their answers to interrogatories. For example, Defendant's General Objection 4 and Responses to Interrogatory numbers 4, 6, 12, 13, 14, 15, 18, 20, 21 and 22 all recognize that the current discovery relates to class certification. (Plaintiff's August 27, 2007

11

letter, Exhibit A.) In addition, Plaintiff's answers to Interrogatory numbers 4 and 5 recognize the distinction between class certification discovery versus merits discovery. (Defendant's August 27, 2007 letter, Exhibit B.)

Therefore, the Court will deny Defendant's request to compel Plaintiff to identify each instance of alleged wrongful conduct and the specific claims procedure which form the basis of his complaint. The Court will permit Defendant to serve up to five (5) additional interrogatories relating to Plaintiff's allegations of Defendant's wrongful conduct.

## IV. CONCLUSION

For the reasons set forth herein, (1) Plaintiff's application to compel Defendant to produce contract claim sub-class discovery for specialities other than Dr. Kirsch's is GRANTED, with Plaintiff to bear the costs related to sub-class discovery for specialties other than Dr. Kirsch's; (2) Defendant's request to file an amended Answer adding a further counterclaim against Plaintiff Michael Kirsch is GRANTED; and (3) Defendant's application to compel Plaintiff to identify each instance of alleged wrongful conduct and the specific claims procedures which form the basis for his complaint is DENIED.

HONORABLE MICHAEL A. SHIPP
United States Magistrate Judge

Dated: February 14, 2008