Eric D. Katz
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiffs
Michael H. Kirsch and Bradford S. Jungels

Philip R. Sellinger
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
(973) 360-7900
Attorneys for Defendant
Delta Dental of New Jersey, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------- X
MICHAEL H. KIRSCH, D.D.S., individually and on behalf :
of all others similarly situated,
                                           Civ. Act. No. 07-186 (SRC)

                Plaintiff,

  v.                                         **CONSENT ORDER**

DELTA DENTAL OF NEW JERSEY,

                Defendant.
------------------------------------- X

IT IS on this 15th day of March, 2011, hereby ORDERED that:

1. The Complaint in this matter shall be amended by adding Dr. Bradford S. Jungels ("Dr. Jungels") as a named plaintiff in this action.

2. The attached Amended Complaint (which was attached to plaintiff's motion to amend) adding Dr. Jungels as a named plaintiff shall be deemed filed and served as of the entry of this Order, and defendant shall file an Answer to the Amended Complaint within ten (10) days thereof. As a named plaintiff, Dr. Jungels shall be bound by all determinations and orders of the Court as they pertain to the putative class and the claims asserted by the putative class against Delta Dental of New Jersey, Inc. ("Delta Dental"). Dr. Jungels is not bound to any determinations or orders of the Court as

NJ 227,126,593 1

they pertain to Dr. Kirsch individually with regard to any issue relating to or arising from Delta Dental's counterclaims asserted against Dr. Kirsch, including but not limited to any discovery orders pertaining to same (subject to Paragraph 7 hereof).

3.  Within ten (10) days of the entry of this Order, Dr. Jungels shall file a notice of dismissal, without prejudice, dismissing the action he filed in New Jersey Superior Court captioned *Bradford S. Jungels v. Delta Dental of New Jersey, Inc.*, Superior Court of New Jersey Law Division, Essex County, ESX-L-708-11.

4.  Plaintiff Dr. Bradford S. Jungels shall not file any action in any state court against defendant Delta Dental arising out of any of the facts set forth in the Amended Complaint in this action. In the event that class certification is denied and the Court declines to continue to exercise jurisdiction over the individual claims asserted by Dr. Jungels in this case, he will be permitted to bring his individual claims arising from the Amended Complaint in New Jersey State Court; but in no event shall Dr. Jungels seek to appear or appear as a class representative as to any claims arising from the Amended Complaint . Plaintiff and his counsel agree not to request that the federal Court decline to exercise jurisdiction over the individual claims of Dr. Jungels.

5.  The deadlines and schedule set forth in this Court's January 11, 2011 Third Amended Pre-Trial Scheduling Order shall remain unaffected by the addition of Dr. Jungels as a plaintiff and plaintiffs shall proceed to seek class certification consistent with the schedule set forth therein, or as amended, proposing Dr. Michael H. Kirsch as the sole class representative. During this time period, Delta Dental shall take no discovery against Dr. Jungels, except as expressly set forth in Paragraph 7 below, and Dr. Jungels shall not offer any certifications, affidavits or any other evidence against Delta Dental.

6. In the event that the Court determines that (i) Dr. Kirsch is not adequate to serve as a class representative without ruling on whether the putative class or classes are or may be appropriate for class certification, or (ii) the putative class or classes in any respect are, or may be, appropriate for class certification but determines that Dr. Kirsch is not adequate to serve as the class representative, Delta Dental shall be permitted to pursue discovery pertaining solely to whether Dr. Jungels is an adequate class representative and whether his claims are typical of the putative class or classes. In the event Delta Dental pursues such discovery, Dr. Jungels shall be permitted to conduct discovery of Delta Dental relative to such issue(s) and only such issue(s). Such discovery shall be completed within sixty days of the Court's above-referenced determination.

7. Notwithstanding paragraph 5 and 6 hereof, Delta Dental may request at any time that Dr. Jungels produce the complete financial and treatment records for a maximum of 85 Delta Dental patients to be selected by Delta Dental, and Dr. Jungels shall produce same within 60 days following Delta Dental's request therefore. Within sixty (60) days after the close of all discovery related to Dr. Jungels, he shall file a motion for class certification with him as the proposed class representative.

_____
MICHAEL A. SHIPP, U.S.M.J.

The form and entry of this Consent Order are hereby stipulated and agreed to by the undersigned counsel for the parties:

/s/ Philip R. Sellinger
Philip R. Sellinger
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
(973) 360-7900
Attorneys for Defendant
Delta Dental of New Jersey, Inc.

Dated: March 11, 2011

/s/ Eric D. Katz
Eric D. Katz
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiffs Dr. Michael H. Kirsch and Dr. Bradford S. Jungels

Dated: March 11, 2011

NJ 227,126,593 1